**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Randall W. FRIESEN, Defendant–Appellant.**

**No. 00CA2220.**

Colorado Court of Appeals, Div. II.

Nov. 23, 2001.

Certiorari Denied April 29, 2002.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Randall W. Friesen, Pro Se.

Opinion by Judge PLANK.

Defendant, Randall W. Friesen, appeals the trial court order denying his Crim. P. 35 motion for postconviction relief. We affirm.

Defendant entered guilty pleas to two counts of theft, a class four felony under

§ 18–4–401, C.R.S.2001. Pursuant to the plea agreement, he was sentenced to two seven-year terms in the Department of Corrections (DOC), to be served concurrently.

Thereafter, defendant filed a Crim. P. 35(c) motion, alleging that he had not been advised of the mandatory parole term that attached to his sentences and asserting that the addition of mandatory parole to his sentences violated the separation of powers doctrine and the prohibition against double jeopardy. The trial court denied the motion, and a division of this court affirmed. *People v. Friesen,* (Colo.App. No. 98CA0861, June 24, 1999)(not selected for official publication).

Defendant then filed a second postconviction motion, citing both Crim. P. 35(a) and (c), in which he asserted that the application of the mandatory parole period violated his constitutional right to equal protection of the laws. The trial court also denied this motion without a hearing, finding that defendant had not met the threshold for an equal protection challenge.

■ On appeal, defendant contends that his right to equal protection is being violated because he must serve a term of mandatory parole on his class four felony offenses, while class four felony sex offenders who committed their offenses between July 1, 1996, and November 1, 1998, are subject only to discretionary parole under §§ 18–1–105(1)(a)(V)(A) & (C.3), C.R.S.2001 and *People v. Cooper,* 27 P.3d 348 (Colo.2001). We reject this contention.

■ The constitutional right to equal protection guarantees like treatment of persons who are similarly situated. Thus, the threshold question in an equal protection challenge is whether the person alleging disparate treatment is in fact similarly situated. *People v. Black,* 915 P.2d 1257 (Colo.1996).

■ In the criminal law context, it is only when identical criminal conduct is punished with disparate penalties, or different criminal penalties are imposed for similar criminal acts, that equal protection problems arise. *People v. Young,* 859 P.2d 814 (Colo.1993); *People v. Seaney,* 36 P.3d 81 (Colo.App.2000). *See also People v. Owens,* 670 P.2d 1233 (Colo.1983)(subjecting a defendant to a more severe sanction for criminal conduct identical to that proscribed by another statute violates equal protection).

Here, defendant argues that the General Assembly created classes of offenders in enacting the penalty provisions of § 18–1–105(1)(a)(V)(A). He further argues that therefore, as a class four felony offender, he is being penalized more harshly for conduct that is less severe than that of a class four felony sex offender. This argument is mistaken.

■ Section 18–1–105(1)(a)(V)(A) states, in pertinent part, that "felonies are divided into six classes which are distinguished from one another by the following presumptive ranges of penalties." Thus, the statute creates penalty ranges for classes of offenses and does not create classes of offenders, as defendant argues. The cases he cites in support of his proposition are inapposite. In *People v. Nguyen,* 900 P.2d 37 (Colo.1995); *Smith v. People,* 852 P.2d 420 (Colo.1993); and *People v. Oliver,* 745 P.2d 222 (Colo. 1987), the equal protection analysis concerned disparate penalties for the same or similar offenses involving the same or similar conduct, not the felony classifications attached thereto.

Here, defendant is not similarly situated with all other defendants convicted of a class four felony offense. The General Assembly has determined the severity of different offenses by setting forth the presumptive penalties for each felony class. *See Smith v. People, supra.* However, the felony classes do not themselves create "classes" for purposes of equal protection analysis. Rather, defendant is only "similarly situated" with defendants who commit the same or similar acts.

Consequently, the fact that sex offenders are subject to different provisions regarding parole raises no equal protection issue as to defendant, as he is not similarly situated.

Therefore, the trial court's order is affirmed.

Judge MARQUEZ and Judge ROY concur.