The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of J.P.L., Juvenile–Appellant.

No. 01CA1199.

Colorado Court of Appeals, Div. V.

April 25, 2002.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Michael G. Root, Denver, Colorado, for Juvenile–Appellant.

Opinion by Judge DAVIDSON.

J.P.L., a juvenile, appeals from the trial court's judgment adjudicating him delinquent based on a finding that he committed acts which, if committed by an adult, would constitute the offense of interference with staff, faculty, or students of an educational institution, a class three misdemeanor under § 18–9–109(2), C.R.S.2001. We affirm.

I.

J.P.L. first contends that the evidence presented at the adjudicatory trial was insufficient. In particular, he contends that the evidence did not establish that he was aware that his acts would interfere with the educational activities of the students. We disagree.

When reviewing the sufficiency of the evidence supporting an adjudication of juvenile delinquency, the standards are the same as those used in a criminal case. *People in Interest of J.M.N.*, 39 P.3d 1261 (Colo.App. 2001). The reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945, 950 (Colo.1988).

It is the duty of the fact finder in a criminal case to determine the credibility of the witnesses, to consider what weight should be given to all parts of the evidence, and to resolve conflicts, inconsistencies, and disputes in the evidence. *Kogan v. People*, *supra*.

J.P.L. was found to have committed acts violating § 18–9–109(2), which provides in pertinent part:

> No person shall, on the premises of any educational institution or at or in any building or other facility being used by any educational institution ... willfully impede a student of the institution in the lawful pursuit of his educational activities through the use of restraint, abduction, coercion, or intimidation or when force and violence are present or threatened.

The term "willfully" is defined in § 18–1–501(6), C.R.S.2001, as follows:

> A person acts ... "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts ... "willfully," with respect to a result of his conduct, when he is aware that his

conduct is practically certain to cause the result.

■ Upon review of the record, we conclude that the evidence presented at trial, along with all reasonable inferences in favor of the prosecution, was sufficient to support J.P.L.'s adjudication. *See Kogan v. People, supra.*

At trial, one of J.P.L.'s classmates testified that J.P.L. had told her that he had a list of students he was going to kill and that she was "number one" on his list. Another student testified that she heard J.P.L. state that he was going to "kill everybody who told on him." A third student testified that J.P.L. was in the lunchroom pointing out "specific people that he would or would not target." All three students stated that they missed an hour or more of classes in order to discuss these statements with the school principal and police.

In addition, another student testified that she told J.P.L. to stop making threats because he was frightening her friends; J.P.L. "said he didn't care" and did not take her seriously. Also, the school principal testified that the school had a handbook regarding harassment and threats of violence.

The testimony, therefore, established that several students heard J.P.L. making threatening and violent statements. The students were concerned or frightened by the statements and missed class because of them. J.P.L., despite the handbook provisions regarding harassment and threats of violence, was unconcerned that some students were alarmed by his statements. And, these statements occurred after the shootings at Columbine High School, during a heightened state of awareness regarding such conduct. This evidence is sufficient to establish that J.P.L. was aware his intimidation and threats of violence were practically certain to impede the students' pursuit of educational activities.

## II.

J.P.L. also contends that § 18–9–109(2) is unconstitutionally vague as applied to him. As applicable here, § 18–9–109(2) specifies that one may not willfully impede students in the pursuit of educational activities by cer-

tain actions, namely, restraint, abduction, coercion, or intimidation, or when force or violence are present or threatened. J.P.L. argues that "to include actions that anticipate student's [sic] reactions to statements made by other students does not allow specific warning of what conduct is prohibited." We disagree.

■ A statute is presumed to be constitutional, and the party challenging its constitutionality must prove its invalidity beyond a reasonable doubt. *See People v. Longoria,* 862 P.2d 266, 270 (Colo.1993). When a challenge is based on vagueness, a reviewing court must determine whether the statute describes the forbidden conduct in terms such that persons of common intelligence can readily understand its meaning and application. *People v. Duncan,* 33 P.3d 1180, 1182 (Colo.App.2001).

■ Section 18–1–501(6) provides that a person acts "willfully" with respect to a result of his or her conduct when the person is aware that the conduct is practically certain to cause the result. Hence, § 18–9–109(2) requires the prosecution to prove that the defendant knew his conduct was practically certain to impede students from pursuing their educational activities. *See People v. Pratt,* 759 P.2d 676, 687 (Colo.1988)(to avoid construction rendering statute void for vagueness, "may" or "might" interpreted to mean "a reasonable probability that the forbidden result would obtain").

■ Moreover, the statute does not prohibit all willful conduct that ultimately has the effect of impeding a student in the lawful pursuit of educational activities. Instead, the only prohibited conduct is "the use of restraint, abduction, coercion, or intimidation or when force and violence are present or threatened." Section 18–9–109(2).

The statute therefore gives fair notice of a reasonably narrow range of prohibited conduct, in terms sufficiently precise so that persons of ordinary intelligence need not speculate as to the conduct that is proscribed. *See People v. Hickman,* 988 P.2d

628 (Colo.1999)(imprecise, but comprehensible normative standard acceptable).

The judgment is affirmed.

Judge CASEBOLT and Judge NIETO concur.