**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED BARBER,

        Petitioner - Appellant,

   v.

BRIAN BURNETT; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 02-1141
(D.C. No. 02-Z-355)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Fred Barber seeks a certificate of appealability (COA) from this court in order to appeal the district court's order denying relief in his motion filed pursuant to 28 U.S.C. § 2254. We deny Mr. Barber's application and dismiss the appeal.

To be entitled to a COA, Mr. Barber must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In 1988, Mr. Barber pled guilty in state court to possession of a controlled substance. He was sentenced to four years imprisonment and three years mandatory parole pursuant to the sentencing provisions contained in Colo. Rev. Stat. 18-1-105(1)(a)(V). These provisions contain sentencing ranges for various classes of offenses. The class in question here applies, *inter alia*, to drug-related convictions and convictions relating to sex offenses. Mr. Barber did not appeal, but pursued state post-conviction proceedings which were rejected on the merits. The gist of his argument in the state courts and, subsequently, in his federal petition for habeas relief pursuant to 28 U.S.C. § 2254, is that those convicted of sex offenses have not been receiving mandatory parole, allegedly in violation of

the statute, while drug offenders are still subject to mandatory parole. He contends that this disparate treatment violates his rights under the Equal Protection Clause. The state district court, relying exclusively on state court cases, held that there was no equal protection violation. The federal district court, citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (equal protection violation occurs when government treats one person differently from another who is similarly situated) and Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996) (same), agreed. Mr. Barber seeks a COA with respect to the latter decision.

Colorado appellate court decisions explain the state's position with respect to sentencing ranges under Colo Rev. Stat. § 18-1-105 as follows: The statute "creates penalty ranges for classes of offenses and does not create classes of offenders." State v. Friesen, 45 P.3d 784, 785 (Colo. Ct. App. 2001), cert. denied, (Colo. Apr. 29, 2002), cf. Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) (holding that sex offenders are not members of a suspect classification and decision to deny sex offender mandatory parole does not violate equal protection as statute bears rational relationship to legitimate state interest of monitoring sex offenders' reintroduction into society).

Under this reasoning, Mr. Barber is not similarly situated to sex offenders. He "is only 'similarly situated' with defendants who commit the same or similar acts." Friesen at 785. Thus, there is no equal protection violation.

As the federal district court pointed out, this same reasoning is in accord with cases decided by the Supreme Court. Even if Mr. Barber is regarded as a class of one (although he proposes a rule applicable to all similarly situated drug offenders), he has at no point in his voluminous submissions established that there is "no rational basis for the difference in treatment," Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), between convicted drug offenders and convicted sex offenders under the sentencing scheme in Colorado. [1]

---

[1]It is by no means self evident that Colorado intended or has in fact treated sex offenders more lightly than drug offenders, as a general proposition, when length of detention versus detention followed by parole is taken into account, along with other considerations.

-4-

Mr. Barber's motion for leave to proceed in forma pauperis is GRANTED. For the reasons stated above, we conclude that Mr. Barber has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, his application for a certificate of appealability is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge