The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel T. WALKER, Defendant–Appellant.

No. 01CA2199.

Colorado Court of Appeals, Div. III.

Nov. 7, 2002.

As Modified on Denial of Rehearing April 24, 2003.

Certiorari Denied Aug. 18, 2003.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Daniel T. Walker, appeals from the district court's order denying his motion for postconviction relief under Crim. P. 35(a). We affirm.

In February 1998, defendant forged and cashed two checks on his wife's personal checking account. He later pled guilty to two counts of forgery, a class five felony, for which he was placed on probation for three years. Probation was revoked after defendant violated the conditions of probation, and he was sentenced to a term of one year imprisonment to be followed by two years of mandatory parole under § 18–1.3–401(1)(a)(V)(A), C.R.S.2002 (formerly codified at § 18–1–105(1)(a)(V)(A)).

Defendant later filed this postconviction motion, asserting that his mandatory parole term violated his constitutional right to equal protection of the laws. The motion was denied, and this appeal followed.

I.

Defendant contends that the mandatory parole laws violate his right to equal protection because, under the sentencing scheme in place when he committed his crimes, a sex offender who committed the same class of felony as a non-sex offender would be subject to only a discretionary parole term. We disagree.

Statutes are presumed to be constitutional, and the party challenging a statute bears the burden of proving its invalidity beyond a reasonable doubt. *People v. J.P.L.*, 49 P.3d 1209 (Colo.App.2002).

Equal protection of the laws ensures that similarly situated persons will receive similar treatment. U.S. Const. amend. XIV; Colo. Const. art. II, § 25; *People v. Friesen*, 45 P.3d 784 (Colo.App.2001). Thus, the threshold question in addressing an equal protection challenge is whether the person alleging disparate treatment is in fact similarly situated. In the criminal law context, equal protection issues arise where disparate penalties are imposed to punish identical or similar criminal conduct. *People v. Young*, 859 P.2d 814 (Colo.1993); *People v. Friesen, supra.*

In *Friesen*, a division of this court rejected the contention that defendant makes here. The division concluded that offenders are not similarly situated based solely on the felony class of their crimes, because each felony class includes numerous offenses that do not involve the same or similar criminal conduct.

Nevertheless, defendant argues that the analysis in *Friesen* is flawed because it fails to recognize that, under § 17–22.5–102.5, C.R.S.2002, the purposes of parole are the same for all offenders, and therefore all offenders are "similarly situated" for equal protection purposes regardless of the nature of their crimes. We are not persuaded.

The criminal code contains separate provisions for the parole of sex offenders and non-sex offenders. *Compare* § 18–1.3–401(1)(a)(V)(C), C.R.S.2002, *with* § 18–1.3–401(1)(a)(V)(C.5), C.R.S.2002. In *Martin v. People*, 27 P.3d 846, 862 (Colo.2001), the court recognized "the legislature's continuing desire to set sex offenders apart from other offenders for the purpose of parole period determination" and concluded that mandatory parole is inapplicable to those who commit sex crimes. *See also People v. Cooper*, 27 P.3d 348 (Colo.2001). Thus, contrary to defendant's assertion, sex offenders and non-sex offenders are subject to different parole laws and are not similarly situated for purposes of parole.

We agree with the reasoning and holding of *Friesen*. Although the right to equal protection precludes imposition of different punishments for "the same acts committed under like circumstances by persons in like situations," it generally does not prevent the General Assembly from prescribing differing degrees of punishment for separately defined crimes. *People v. Black*, 915 P.2d 1257, 1260 (Colo.1996)(quoting *People v. Calvaresi*, 188 Colo. 277, 282, 534 P.2d 316, 318 (1975)).

## II.

Finally, defendant contends that his mandatory parole sentence violates his rights to equal protection because he was subject to a harsher sentence than those who commit sexual offenses. Again, we disagree.

The legislature is entitled to provide more severe penalties for crimes which it believes have greater social impact and graver consequences, so long as the classification bears a rational relationship to the public purpose sought to be served. *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978).

Where, as here, the offenses implicated are different and therefore persons charged under them are not "similarly situated,' the issue presented does not fall within traditional concepts of equal protection. *People v. Suazo*, 867 P.2d 161 (Colo.App. 1993). Rather, our supreme court has held that there is no violation of equal protection rights when crimes, which are readily distinguishable on the basis of their elements, impose disparate penalties. *People v. Black*, 915 P.2d 1257 (Colo. 1996); *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977) (holding that the court could not state that the General Assembly had constitutionally erred in providing more severe penalties for an act which it believes to be of greater social consequence). Defendant cites no case which persuades us that the General Assembly's penalty scheme here is unconstitutional.

The district court's order is affirmed.

Judge NEY and Judge CASEBOLT concur.