**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steven FRITSCHLER, Defendant–Appellant.**

**No. 02CA0494.**

Colorado Court of Appeals,
Div. III.

Oct. 9, 2003.

Rehearing Denied Dec. 24, 2003.

Certiorari Denied April 5, 2004.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Steven Fritschler, appeals the trial court order denying his Crim. P. 35 motion for postconviction relief. We affirm.

In exchange for the dismissal of other counts, defendant pleaded guilty to first degree aggravated motor vehicle theft, a class three felony, and misdemeanor counts of driving under the influence and second degree aggravated motor vehicle theft. Defendant initially received a deferred judgment and sentence, which was later revoked. Defendant was then resentenced to six years in the Department of Corrections (DOC), with his misdemeanor sentences to be served concurrently.

Defendant filed a Crim. P. 35(b) motion for reduction of sentence, and the trial court reduced his DOC sentence to four years. The court later ordered that the mittimus be corrected to reflect that defendant must serve a five-year period of mandatory parole upon completion of his DOC sentence, as required by § 18–1.3–401(1)(a)(V)(A), C.R.S. 2002.

Defendant then filed a Crim. P. 35(a) motion for postconviction relief, in which he argued that the addition of the mandatory parole term to his sentence violated his right to equal protection of the laws. The trial court denied the motion.

I.

As an initial matter on appeal, we note the parties' contentions regarding the applicability of the time bar for the filing of postconviction motions in § 16–5–402, C.R.S.2002, and the proper consideration of defendant's motion under Crim. P. 35(a) or (c).

However, because the trial court considered the issues on the merits, we elect to address defendant's appeal without resolving the various procedural arguments the parties have raised. *See People v. Munkus,* 60 P.3d 767, 769 (Colo.App.2002).

II.

Defendant contends his right to equal protection of the laws is violated because he is required to serve a term of mandatory parole, while sex offenders in the same felony class instead serve discretionary parole. We disagree.

### A.

In *People v. Friesen,* 45 P.3d 784, 785 (Colo.App.2001), a division of this court rejected this argument, concluding that the different felony classifications merely set forth the penalty ranges for classes of offenses and do not create classes of offenders. The division determined that an offender's felony class alone does not create a classification for equal protection purposes, because each class encompasses many different crimes that do not involve the same or similar criminal conduct. Thus, no equal protection violation occurs because a defendant is only similarly situated with defendants who commit the same or similar acts, and nonsexual offenders are not similarly situated with sex offenders.

Defendant argues that *Friesen* was wrongly decided and we should decline to follow it. However, we disagree and conclude that it is persuasive with respect to this portion of defendant's equal protection argument.

### B.

In a variation on the argument raised in *Friesen,* defendant also asserts that, because the purposes of parole are the same for all felony offenders, *see* § 17–22.5–102.5, C.R.S.2002, all felony offenders are "similarly situated" for the purposes of equal protection analysis, even if their crimes are completely dissimilar.

In *People v. Walker,* 75 P.3d 722 (Colo. App.2002), a division of this court rejected this argument. The division agreed with the logic of *Friesen* and further concluded that, because sex offenders and nonsexual offenders are subject to different parole laws, they are not similarly situated for purposes of parole. We agree with the division in *Walker* and similarly reject defendant's argument here. *See also People v. Oglethorpe,* 87 P.3d 129 (Colo.App. No. 02CA0347, June 19, 2003).

### C.

Nonetheless, defendant further argues that the mandatory and discretionary parole laws violate equal protection because an offender committing the same nonsexual offense as he committed, but with an underlying factual basis involving unlawful sexual conduct, must only serve discretionary parole. *See* § 17–2–201(5)(a), (a.5), C.R.S.2002 (any person sentenced for the conviction of an offense involving unlawful sexual behavior or a nonsexual offense for which the factual basis involved an offense involving unlawful sexual behavior serves discretionary parole); *see also People v. Pahlavan,* 83 P.3d 1138 (Colo.App. No. 01CA1331, Apr. 24, 2003).

However, as Colorado courts have consistently held, equal protection of the laws requires that statutory classifications of *crimes* be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation. *People v. Marcy,* 628 P.2d 69, 74 (Colo.1981).

Thus, in the criminal law context, equal protection problems arise only when the same or similar conduct is proscribed in two statutes, but different criminal sanctions apply. *See People v. Young,* 859 P.2d 814, 816 (Colo.1993); *People v. Friesen, supra,* 45 P.3d at 785.

Here, however, offenders convicted of crimes involving no allegations of sexual misconduct and offenders convicted of comparable nonsexual offenses in which there is an underlying factual basis of unlawful sexual behavior are not similarly situated because different behavior triggers the different parole requirements. The General Assembly has exercised its prerogative to differentiate offenses involving unlawful sexual behavior from other offenses in this way. *See People v. Black,* 915 P.2d 1257, 1261 (Colo.1996); *People v. White,* 656 P.2d 690 (Colo.1983); *see also People v. McKnight,* 626 P.2d 678, 683 (Colo.1981)(equal protection prohibits state from enacting statute which prescribes different punishments for the same acts committed under like circumstances by persons similarly situated).

Defendant here has cited no case in which classifications invalidated under equal protection analysis have involved different combinations of crimes. Nor has he alleged any facts to show that he and other nonsexual offenders are similarly situated to a sex offender who committed an unlike crime and received

a criminal penalty deemed by the General Assembly to be appropriate for the nature of that crime.   Therefore, we reject defendant's equal protection claims.

The order is affirmed.

Judge NIETO and Judge CARPARELLI, concur.