THE PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Fredrick Arthur GOOKINS, Defendant–Appellant.

No. 01CA1020.

Colorado Court of Appeals, Div. III.

Oct. 7, 2004.

Certiorari Denied May 16, 2005.

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Pub-

lic Defender, Denver, for Defendant–Appellant.

ROY, J.

Defendant, Frederick Arthur Gookins, appeals from the judgment entered on a jury verdict finding him guilty of sexual assault on a child as part of a pattern of abuse, sexual assault by one in a position of trust, aggravated incest, and second degree sexual assault. We affirm and remand for correction of the mittimus.

Defendant's stepdaughter (the victim) reported that defendant had sexually abused her since 1994. The victim stated that the abuse happened frequently until December 1996 and then started again in August 1997, when two more assaults took place.

Defendant was charged with thirteen offenses. For the period from 1994 through 1996 defendant was charged with: two counts of sexual assault on a child by one in a position of trust, sexual assault on a child as part of a pattern of abuse, two counts of aggravated incest, and two counts of second degree sexual assault. For the two incidents occurring in August 1997, defendant was charged with two counts of aggravated incest, two counts of sexual assault on a child by one in a position of trust, one count of first degree sexual assault, and one crime of violence count through the use of force.

The jury convicted defendant as above indicated. The trial court merged the two convictions for second degree sexual assault into the other convictions and sentenced defendant on nine convictions to an aggregate sentence of twenty years in prison. This appeal followed.

### I.

Defendant first contends that the trial court erred by admitting evidence of the victim's previous statements under § 13–25–129, C.R.S.2003. Specifically, defendant argues that the statute requires the victim to be a "child" at the time of trial. We disagree.

The victim was born April 28, 1982. On August 21, 1997, at the age of fifteen years, she presented herself at the police department, reported all of the incidents of sexual abuse and incest, and gave statements to a police officer and a detective. Subsequently, on August 28, 1997, she gave a statement to a pediatrician employed by a child protection agency frequently involved in child sexual assault cases. These statements were admitted into evidence through the testimony of the police officers and pediatrician.

At the time of the 1994–96 offenses, the victim was between the ages of eleven and fourteen, and in 1997 she was fifteen years of age. The charges were filed on December 31, 1997, and after a number of delays trial commenced January 30, 2001, at which time the victim was eighteen years of age.

Section 13–25–129 provides in relevant part:

> (1) An out-of-court statement made by a child, as child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration ... performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense ... if:

> (a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

> (b) The child either:

> (I) Testifies at the proceedings; or

> (II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

Statutory interpretation presents a question of law which is subject to de novo review. *Hendricks v. People,* 10 P.3d 1231 (Colo.2000). When interpreting a statute, our goal is to ascertain legislative intent. To that end, we look to the language of the statute, giving words and phrases their plain and ordinary meaning. If the language is clear and the intent reasonably certain, we

need go no further. Where possible, the statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. Dist. Court,* 713 P.2d 918 (Colo.1986).

■ It is presumed that the legislature understands the import of the words it uses and is deliberate in its choice of language. *People v. Guenther,* 740 P.2d 971 (Colo.1987).

■ This statute provides an exclusive basis to admit out-of-court statements of a child victim of unlawful sexual offenses when such statements are not admissible under any other hearsay exception. *People v. Bowers,* 801 P.2d 511 (Colo.1990). The General Assembly attempted to address the unusual difficulties presented in prosecuting cases where a child victim may be the only witness to the crime. *Stevens v. People,* 796 P.2d 946 (Colo.1990).

Section 13–25–129 incorporates the definition of "child" contained in the statutes defining the substantive charge. The age mandates in the relevant statutes define a "child" three different ways. As to sexual assault on a child and second degree sexual assault, the statute defines "child" as one who is "less than fifteen years of age." *See* § 18–3–405, C.R.S.2003; Colo. Sess. Laws 1988, ch. 127, § 18–3–403 at 725. As to the position of trust offenses, the statutory age range of the victim must be "fifteen years of age or older but less than eighteen years of age." *See* § 18–3–405.3, C.R.S.2003. As to the aggravated incest offenses, the statute defines "child" as "under twenty-one years of age." *See* § 18–6–302(1)(a), C.R.S.2003.

If the legislature had intended to condition the admission of child hearsay upon the age of the child victim at the time of trial, it could have so stated. We conclude that the trial court thus properly admitted the victim's out-of-court statements.

In addition, because the victim testified, the admission of her prior statements did not violate defendant's right to confront witnesses against him. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *see also People v. Warner,* 14 Cal.Rptr.3d 419 (Cal.Ct.App.2004).

## II.

■ Defendant next contends that the jury's findings were too vague to show that it unanimously agreed that he committed the same illegal acts and thus his convictions for sexual assault, pattern of abuse, and aggravated incest should be reversed. We disagree.

■ When evidence of many acts is presented, any one of which could constitute the offense charged, the trial court must take one of two actions to ensure jury unanimity. *See People v. Rivera,* 56 P.3d 1155 (Colo.App. 2002). The court must either (1) require the prosecution to elect the transaction on which it relies for conviction, or (2) if there is not evidence to differentiate between the acts and there is a reasonable likelihood that jurors may disagree on the act the defendant committed, instruct the jury that to convict it must unanimously agree that the defendant committed the same act or that the defendant committed all the acts included within the period charged. *See Thomas v. People,* 803 P.2d 144 (Colo.1990).

■ The requirement of an election or a modified unanimity instruction assures that a conviction does not result from some members of the jury finding the defendant guilty of one act, while others convict based on another act. *See Thomas v. People, supra; see also* § 16–10–108, C.R.S.2003 (unanimity requirement for jury verdicts in criminal cases). If the record demonstrates that "[s]ome of the jurors may have decided to convict on one act, while others may have decided to convict on another" such that "it is impossible to be reasonably certain of the reliability of the judgment of conviction," the conviction must be reversed. *Woertman v. People,* 804 P.2d 188, 192 (Colo.1991). The determination of whether there is a reasonable likelihood that jurors may disagree on the act the defendant committed is within the discretion of the trial court. *Thomas v. People, supra.*

Here, defendant was accused of two counts of sexual assault occurring from 1994 to 1996 and two counts of sexual assault occurring in 1997. The victim testified in detail about the four charged episodes. However, she also

testified that there were other frequently occurring acts without differentiating among them. Thus, the trial court did not require the prosecution to elect specific acts, but rather gave the jury a modified unanimity instruction. We perceive no abuse of discretion in the trial court's decision.

In addition, the trial court required the jury to identify the episode or event concerning which it was unanimous and upon which it based the verdict. Defendant now argues that the jury's identification of the episodes was too vague to determine whether it unanimously believed he committed the same acts. Again, we disagree.

The verdict forms advised the jury that to convict it must find that defendant committed all the acts or that *"the same* or more incidents have been proven beyond a reasonable doubt." This instruction complies with the safeguards required by *Thomas v. People, supra.*

Further, on the verdict form the jury also was required to identify the specific acts upon which it relied in reaching the guilty verdicts. The jury reported that it relied on two sexual contacts alleged to have occurred at a particular residence.

Although the jury did not describe the acts of defendant specifically relied upon, it stated that "[it] unanimously find[s], beyond a reasonable doubt, that the defendant committed *the same* two or more acts of sexual contact." Moreover, the jury was clearly instructed that it must unanimously find defendant guilty of the same act or acts described within the period charged. Because we may not inquire into or speculate about jury deliberations, we assume that the jury followed the instructions given and accurately stated its findings on the jury verdict forms. *See People v. Hansen,* 920 P.2d 831 (Colo.App. 1995).

In addition, we agree with the prosecution that the verdict forms offered defendant more protection than required. *Thomas v. People, supra,* only requires trial courts to instruct the jury that it must reach a unanimous decision on the same act or acts performed by the defendant. There is no requirement that the jury identify the particular act or acts upon which it bases its verdict.

Accordingly, we conclude that the jury's verdict was not too vague. Thus, we uphold the convictions.

### III.

Defendant finally contends that the mittimus should be corrected to reflect discretionary parole and remove a crime of violence charge for which he was found not guilty. We agree.

We agree with the parties that the mittimus incorrectly states that defendant is subject to mandatory parole. *See Martin v. People,* 27 P.3d 846 (Colo.2001). The matter must be remanded with directions to correct the mittimus as to parole.

Further, the mittimus incorrectly states that defendant was convicted of a crime of violence sentence enhancer. Therefore, on remand, the trial court shall correct the mittimus to delete any crime of violence conviction based on count 13 of the information.

The judgment is affirmed, and the case is remanded for correction of the mittimus.

Judge MARQUEZ and Justice ERICKSON concur.