The PEOPLE of the State of Colorado,
Petitioner–Appellant,

In the Interest of C.A.J.,
Juvenile–Appellee.

No. 05CA2413.

Colorado Court of Appeals,
Div. V.

Oct. 5, 2006.

John R. Newsome, District Attorney, Doyle Baker, Deputy District Attorney, Stephanie M. White, Deputy District Attorney, Colorado Springs, Colorado, for Petitioner–Appellant.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Juvenile–Appellee.

Opinion by Judge DAILEY.

Pursuant to § 16–12–102(1), C.R.S.2006, the People appeal the trial court's ruling that, in order to prove the allegations of a delinquency petition charging C.A.J. with committing acts which, if committed by an adult, would constitute the offense of willfully impeding the staff or faculty of an educational institution in violation of § 18–9–109(2), C.R.S.2006, the People must establish that C.A.J. acted by "the use of restraint, abduction, coercion, or intimidation or when force and violence [were] present or threatened." We approve the trial court's ruling.

Section 18–9–109(2) provides as follows:

No person shall, on the premises of any educational institution or at or in any building or other facility being used by any educational institution, <u>willfully impede the staff or faculty of such institution in the lawful performance of their duties or willfully impede a student of the institution in the lawful pursuit of his educational activities</u> **through the use of restraint, abduction, coercion, or intimidation or when force and violence are present or threatened.**

(Underlining added to language of "staff-faculty clause" and "student clause"; bold added to language hereafter referred to as the "force clauses.")

As pertinent here, the People filed a delinquency petition charging C.A.J. with having committed acts which, if committed by an adult, would constitute the offense of willfully impeding the staff or faculty of an educational institution, in violation of § 18–9–109(2). The petition was based on allegations that C.A.J., a student, had interfered with a school employee who was attempting to break up an altercation involving approximately twenty students who were "pushing and shoving" each other in the school cafeteria. The petition did not allege that C.A.J. had committed the impeding "through the use of restraint, abduction, coercion, or intimidation." Nor did the petition allege that "force and violence" were "present or threatened."

After the case was assigned to a magistrate, C.A.J. sought a ruling indicating whether the People would be required to prove that he had acted by "the use of restraint, abduction, coercion, or intimidation or when force and violence are present or threatened." The magistrate ruled that no

such proof was required under the staff-faculty clause.

In light of this ruling, C.A.J. made an "as applied" challenge to the constitutionality of the staff-faculty clause of § 18–9–109(2). The magistrate correctly recognized that she was without jurisdiction to rule on such a question and referred the matter to the district court.

In the district court, C.A.J. filed a motion to dismiss the first count of the petition on the ground that application of § 18–9–109, C.R.S.2006, as interpreted by the magistrate, was unconstitutional. The trial court convened a non-evidentiary hearing on the motion.

At the conclusion of the hearing, the court ruled that, under the staff-faculty clause of § 18–9–109(2), an element of the offense was that the person charged acted through "the use of restraint, abduction, coercion, or intimidation or when force and violence are present or threatened."

After the court ruled, the People stated that they had "insufficient evidence to proceed." The trial court then dismissed the petition.

The People now bring this appeal.

The People contend the trial court erred in its interpretation of § 18–9–109(2). We disagree.

Statutory interpretation presents a question of law which is subject to de novo review. When interpreting a statute, our goal is to ascertain legislative intent. To that end, we look to the language of the statute, giving words and phrases their plain and ordinary meaning. If the language is clear and the intent reasonably certain, we need go no further. *People v. Gookins,* 111 P.3d 525, 528–29 (Colo.App.2004).

According to the People, the plain language of § 18–9–109(2) makes clear that the language requiring proof that the impeding was accomplished "through the use of restraint, abduction, coercion, or intimidation," or that "force and violence [were] present or threatened," applies only to persons charged with violating the student clause of § 18–9–109(2), and not to persons charged with violating the staff-faculty clause of that same section. We are not persuaded.

In our view, the plain language of § 18–9–109(2) makes clear that the force clauses apply both to the student clause and the staff-faculty clause. *See* § 2–4–214, C.R.S. 2006 ("The general assembly hereby finds and declares that the rule of statutory construction expressed in the Colorado supreme court decision entitled *People v. McPherson,* 200 Colo. 429, 619 P.2d 38 (1980), which holds that '... relative and qualifying words and phrases, where no contrary intention appears, are construed to refer solely to the last antecedent with which they are closely connected ...' has not been adopted by the general assembly and does not create any presumption of statutory intent."); *Estate of David v. Snelson,* 776 P.2d 813, 818 (Colo. 1989) ("When a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list ... the clause should be applied to all of the words or phrases that preceded it.") (relying on 2A N. Singer, *Statutes and Statutory Construction* § 47.33, at 245 (4th ed.1984) ).

Because we perceive no ambiguity in the plain language of § 18–9–109(2), we need not address the People's assertion that the construction which they urge us to adopt would be constitutional. *Cf. People in Interest of J.P.L.,* 49 P.3d 1209, 1211 (Colo.App.2002)(rejecting vagueness challenge, in prosecution under student clause of § 18–9–109(2), in part because applicability of force clauses gave "fair notice of a reasonably narrow range of prohibited conduct, in terms sufficiently precise so that persons of ordinary intelligence need not speculate as to the conduct that is proscribed.").

The ruling is approved.

Judge HAWTHORNE and Judge FURMAN concur.