The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael J. SEANEY, Defendant–
Appellant.

No. 99CA0628.

Colorado Court of Appeals,
Div. IV.

Dec. 21, 2000.

Rehearing Denied Jan.25, 2001.

Certiorari Denied Nov. 19, 2001.

Ken Salazar, Attorney General, James L. Simmons, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Michael J. Seaney, appeals the trial court's order denying his motion for postconviction relief pursuant to Crim. P. 35(c). We affirm and remand for further proceedings.

Pursuant to a plea agreement, defendant pleaded guilty to first degree burglary, a class three felony, and the prosecution agreed to dismissal of numerous remaining charges. In addition, the parties agreed that defendant would be sentenced to eight years in the custody of the Department of Corrections (DOC) and that five years of the sentence would be suspended on the condition that he successfully complete three years in the Youth Offender Services Program (YOS).

The written plea agreement advised defendant regarding the parties' sentencing agreement and indicated that he would be required to serve his prison sentence "plus a period of parole," but it did not specify the length of the applicable mandatory parole period.

During the providency hearing, defendant's counsel reiterated that the parties' sentencing agreement provided for an eight-year DOC sentence with five years of the sentence suspended, conditioned upon defendant's completion of three years in YOS. Defendant confirmed that he had read and understood the written plea agreement and indicated that counsel's description of the terms of the stipulated sentence was consistent with his understanding of the terms of the parties' agreement. The providency court did not mention a five-year mandatory parole period in its advisement.

At the sentencing hearing, the court imposed a sentence consistent with the terms of the parties' agreement. The sentencing court did not refer to the mandatory parole period at the hearing and did not indicate on the mittimus that, if defendant were required to serve the suspended DOC sentence, he would also be required to serve a five-year mandatory parole period pursuant to § 18–1–105(1)(a)(V)(A), C.R.S.2000.

Defendant escaped from YOS and was terminated from the program. Accordingly, the trial court ordered him to serve the suspended eight-year prison sentence in the custody of the DOC.

Defendant thereafter filed the Crim. P. 35(c) motion at issue here, claiming that his plea agreement called for an eight-year sentence, including any parole period, and that he had not been advised that he would be required to serve a five-year period of mandatory parole after completing his prison sentence. He claimed that, because the eight-year prison sentence plus the five-year mandatory parole period resulted in an aggregate sentence of thirteen years, the sentence imposed violated the plea agreement.

Relying on *People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990) (*overruled by Craig v. People*, 986 P.2d 951 (Colo.1999)), defendant claimed that he was entitled to specific performance of the plea agreement as he understood it and requested that his prison sentence be reduced to three years, so that his sentence, including the parole period, totals eight years.

At the hearing on the motion, defense counsel acknowledged that reducing defendant's prison sentence to three years would result in an illegal sentence and requested instead that the court reduce the prison sentence to four years, arguing that a four year prison sentence plus the five-year parole period would afford defendant "a rough remedy to the problem of no parole advisement." At the conclusion of the hearing, the court found that defendant had not been adequately advised regarding mandatory parole, but that his only remedy was to withdraw his guilty plea. Accordingly, the court denied defendant's request for a reduction in his sentence.

## I.

■ On appeal, defendant contends that the court erred by denying his request for a sentence reduction. We disagree and conclude that the court correctly determined that the only remedy available to defendant for the lack of a mandatory parole advisement is withdrawal of his plea.

The supreme court's recent decisions in *Craig v. People, supra, Benavidez v. People*, 986 P.2d 943 (Colo.1999), and *Clark v. People*, 7 P.3d 163 (Colo.2000) are dispositive of defendant's claims.

■ In *Craig* and *Benavidez*, the court held that cases involving postconviction challenges to the imposition of a mandatory parole period require a two-part inquiry.

First, the court must determine whether the defendant was explicitly promised a sentence that alters or eliminates the statutorily required mandatory parole period. In the absence of express language indicating that the parties actually agreed to eliminate or circumvent the parole requirement, courts are to construe an agreement for a stipulated sentence to refer to the imprisonment component of a sentence only.

Accordingly, in this case, the provision in the written agreement that "defendant shall be sentenced to DOC for a period of eight years" cannot be read as an agreement to eliminate the five-year mandatory parole term following incarceration. Thus, the sentence imposed did not violate the parties' plea agreement, and defendant is not entitled to specific performance of the agreement as requested in his Crim. P. 35(c) motion.

■ *Craig* and *Benavidez* also mandate inquiry into whether the defendant was sufficiently advised of the mandatory parole requirement to establish that he or she entered a guilty plea with the requisite knowledge of its consequences. Resolution of this issue requires consideration of whether the record as a whole shows that the defendant was given notice of the maximum length of the mandatory parole period and of the fact that the parole term "occurs after, in addition to, or distinct from" the period of imprisonment imposed. *Craig v. People, supra*, 986 P.2d at

963. If the defendant received an inadequate advisement and the error was not harmless, the remedy is to reduce the defendant's sentence, or, if such a modification would result in an illegal sentence, to permit the defendant to withdraw his or her plea.

Here, although the written plea agreement put defendant on notice that he would be required to serve a parole period after completing his prison sentence, he was not advised either in writing or orally by the providency court of the length of the mandatory parole period. Accordingly, we conclude that defendant's parole advisement did not satisfy the requirements announced in *Craig* and *Benavidez*.

In *Clark v. People, supra*, the supreme court held that the absence of a proper mandatory parole advisement may be rendered harmless in a case in which the combined length of the mandatory parole period and a lawful reduced sentence of incarceration is less than the maximum sentence of incarceration that the defendant was advised he was at risk of receiving.

In this case, the parties stipulated to a DOC sentence of a specified length, not a maximum possible DOC sentence. Therefore, defendant's sentence cannot be reformed to render the absence of a proper mandatory parole advisement harmless because such a modification would entirely disregard the stipulated DOC sentence contained in the parties' plea agreement. *See Clark v. People, supra.*

Moreover, reducing defendant's DOC sentence to three years so that the combined length of his prison sentence and the mandatory parole period would be eight years would result in an illegal sentence. *See* § 18–1–105(1)(a)(V)(A) (providing that lowest possible sentence in the presumptive range for a class three felony is four years). Accordingly, defendant's only available remedy for the inadequate parole advisement is withdrawal of his guilty plea. *See Clark v. People, supra; Craig v. People, supra.*

## II.

■ We also reject defendant's related claim that he "detrimentally relied" on the promise that his sentence would not exceed eight years and that fundamental fairness thus requires that his sentence be reduced to four years (the lowest possible presumptive-range sentence), so that his prison sentence plus the mandatory parole period "most closely comports" with the court's advisement.

This argument raises the same question we addressed and rejected under the first prong of the *Craig* analysis. Specifically, defendant was expressly advised in writing that he would be required to serve his prison sentence "plus a period of parole," and nothing in the parties' stipulation that he would be sentenced to eight years in the custody of the DOC suggested otherwise. Thus, defendant should have been aware that the length of his aggregate sentence (including the parole period) would exceed the eight-year prison term he bargained for, and to the extent he subjectively expected otherwise, he relied on a promise the prosecution did not make. *See Clark v. People, supra* (when a defendant is advised that sentence would include a term of parole in addition to a stipulated maximum term of incarceration, it would not be reasonable to hold that the full range of penalties that the defendant risked receiving is limited to the term of incarceration specified in his plea agreement or the Crim. P. 11 advisement); *see also Craig v. People, supra; Benavidez v. People, supra.*

Moreover, as the *Clark* court noted, the People also are entitled to receive the benefit of their bargain, and reducing defendant's sentence to an illegal sentence, or to a "rough approximation" of his bargain, would not accord the People such expected benefit.

## III.

■ Finally, we reject defendant's claim that requiring him to withdraw his plea rather than reducing his sentence as a remedy for the inadequate advisement violates his right to equal protection of the laws.

■ The equal protection guarantees of the United States and Colorado Constitutions require like treatment of persons who are similarly situated. In the criminal law context, it is only when identical criminal con-

duct is punished with disparate criminal sanctions, or when different criminal penalties are imposed for similar criminal acts, that equal protection problems arise. *Terry v. People*, 977 P.2d 145 (Colo.1999).

Defendant claims a denial of equal protection because his only remedy is withdrawal of his plea, while another individual who pleaded guilty to the same class of felony and was not advised regarding parole could receive a sentence reduction if the original prison sentence imposed was long enough that the reduction would not result in a sentence below the minimum presumptive-range sentence. Contrary to defendant's assertion, however, he is not similarly situated with individuals who committed crimes different from his and who were sentenced to harsher penalties than he was.

Accordingly, we reject the equal protection challenge.

The Crim. P. 35(c) court's order denying defendant's request for a reduction in his sentence is affirmed. The cause is remanded to the court with directions to give defendant the opportunity to withdraw his guilty plea. If he elects to withdraw his plea, the district attorney may then reinstate the original charges, and any new sentence imposed pursuant to a subsequent conviction must credit defendant for the time he has already served. Alternatively, if defendant decides not to withdraw his plea, the judgment of conviction and sentence of eight years of incarceration may stand, with the mittimus corrected to reflect the required five-year term of mandatory parole.

MARQUEZ and TAUBMAN, JJ., concur.