The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lonny W. DAWSON, Defendant–Appellant.

No. 02CA1171.

Colorado Court of Appeals, Div. II.

Aug. 28, 2003.

Rehearing Denied Nov. 20, 2003.

Certiorari Denied April 19, 2004.*

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

\* Justice BENDER would grant as to the following issue:

  Whether the district's attorney's statements during the sentencing hearing are concessions, which were part of an enforceable plea agreement, to the extent that petitioner should have been permitted to withdraw from the plea agreement when the court declined to follow said concessions.

Ken Salazar, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Barbara K. Grant, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant, Lonny W. Dawson, appeals the trial court order denying his latest motion for postconviction relief. He also appeals the judgment of conviction and sentence. We dismiss the appeal in part, affirm the order, and remand for correction of the mittimus.

Pursuant to a plea agreement, defendant pleaded guilty to two added counts of attempted sexual assault on a child, a class five felony, and the original charges against him were dismissed. The record does not include a written plea agreement, and the Crim. P. 11 advisement form does not state the position of the prosecution on sentencing. At the providency hearing, the prosecutor told the court, "I am not asking the court to find

discretionary mitigating or aggravating circumstances for sentencing."

At the sentencing hearing, the prosecutor reaffirmed that she "would not be arguing for discretionary aggravating circumstances," but added, "that's not to say this case doesn't deserve that." Defense counsel did not object to the prosecutor's statement.

The trial court found the presence of extraordinary aggravating circumstances and sentenced defendant to consecutive terms outside of the presumptive range, plus two years of mandatory parole, pursuant to § 18–1.3–401(1)(a)(V)(A), (6), C.R.S.2002. The court did not offer defendant an opportunity to withdraw his plea before imposing sentence, and defense counsel did not request that the plea be withdrawn.

Defendant filed a timely motion for reconsideration of sentence pursuant to Crim. P. 35(b), which was denied. In this motion, defendant acknowledged that the prosecutor had not sought sentencing in the aggravated range and that the court, "on its own initiative," had sentenced him in that range.

Defendant then filed a timely Crim. P. 35(a) and (c) motion alleging, among other things, that the sentencing court had erred by imposing aggravated range sentences without affording him the opportunity to affirm or withdraw his plea pursuant to Crim. P. 32(d). The trial court denied the motion without a hearing, but invited defendant to file another motion to withdraw his plea if "that truly is what [defendant] would like to do." Defendant did not appeal this order.

Shortly thereafter, defendant filed a "Motion to Withdraw Plea," in which he reasserted his claim that the sentencing court had erred by imposing aggravated range sentences without affording him the opportunity to affirm or withdraw his plea. After appointing counsel and holding a hearing, the trial court denied the motion. Defendant appeals this order.

## I.

■ Defendant first contends the sentences imposed are inconsistent with the plea agreement, and hence Crim. P. 32(d) required the trial court to give him the oppor-

tunity to withdraw his plea upon deciding to impose aggravated range sentences. We disagree.

Initially, we note that a motion to withdraw a plea of guilty may only be made before sentence is imposed or imposition of sentence is suspended. Crim. P. 32(d). However, after sentence has been imposed, the validity of a guilty plea can be challenged under Crim. P. 35(c). *See, e.g., People v. Seaney*, 36 P.3d 81 (Colo.App.2000).

■ Here, because the trial court's order denying defendant's Crim. P. 35(c) motion encouraged defendant to move to withdraw his guilty plea, defendant could have been misled concerning the need to preserve this issue by instead timely appealing that Crim. P. 35(c) order. *Cf. P.H. v. People*, 814 P.2d 909 (Colo.1991)(counsel reasonably relied on an erroneous trial court action). Moreover, the People do not challenge defendant's motion to withdraw his guilty plea on this basis. Hence, we will address the merits of defendant's motion.

As pertinent here, Crim. P. 32(d) provides:

If the court decides that the final disposition should not include the charge or sentence concessions contemplated by a plea agreement, as provided in Rule 11(f) of these Rules, he shall so advise the defendant and the district attorney and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere.

■ Defendant argues that the prosecutor's agreement not to seek a sentence in the aggravated range constitutes a sentence concession within the meaning of Crim. P. 32(d). We are not persuaded.

Crim. P. 11(f), to which Crim. P. 32(d) refers, provides that in a plea agreement the district attorney may agree "[t]o make or not to oppose favorable recommendations concerning the sentence to be imposed if the defendant enters a plea of guilty or nolo contendere." Crim. P. 11(f)(2)(I); *see also* § 16–7–301(2)(a), C.R.S.2002.

. In our view, the term "sentence concessions" in Crim. P. 32(d) must refer only to the prosecution's making or not opposing

favorable recommendations, because that rule specifically cross-references Crim. P. 11(f) and does not otherwise define the term. *See People v. Denton,* 91 P.3d 388, 2003 WL 21939669 (Colo.App. No. 01CA2344, Aug. 14, 2003).

In *People v. Wright,* 194 Colo. 448, 573 P.2d 551 (1978), the supreme court concluded that, under Crim. P. 11(f)(2)(I), a favorable sentence recommendation by the prosecution is a sentence concession within the meaning of Crim. P. 32(d). Thus, the court held that a defendant must be given the opportunity to withdraw a guilty plea when the trial court elects not to follow the prosecution's sentence recommendation. However, the court did not hold the converse: that *all* sentence concessions by the prosecution are sentence recommendations. *See also People v. Walker,* 46 P.3d 495 (Colo.App.2002).

In contrast to the facts presented in *Wright,* here the prosecutor only agreed, as a sentence concession, not to recommend an aggravated range sentence. The prosecutor made no affirmative recommendation of any sentence favorable to defendant. Defendant cites no Colorado case, and we have found none, applying Crim. P. 32(d) to such a plea agreement. *Cf. People v. Frye,* 997 P.2d 1223, 1227 (Colo.App.1999)(trial court was not required to give defendant the opportunity to withdraw his plea before imposing a sentence to probation conditioned upon his surrendering his passport, despite prosecution's agreement not to object to defendant's being permitted to travel abroad).

■ Even if we accept defendant's assertion that the prosecutor agreed not to oppose *defendant's* argument for a presumptive range sentence, we are not persuaded that the prosecutor thereby agreed "not to oppose favorable recommendations" within the meaning of Crim. P. 11(f). In our view, the power to make a favorable recommendation on sentencing resides with the prosecutor and the probation department, not with the defendant. Defendant cites no authority suggesting otherwise, and we have found none.

Had the drafters intended that an agreement not to oppose a defendant's position on sentencing constituted a favorable recom-

mendation, Crim. P. 11(f) would have been written differently. *Cf.* Fed.R.Crim.P. 11(c)(3)(b) (when a plea agreement provides that the prosecution will recommend *or not object to* a particular sentence, the court must specifically advise the defendant that if the court does not accept the recommendation, the defendant nevertheless has no right to withdraw the plea).

Accordingly, we conclude that the trial court did not violate Crim. P. 32(d).

In light of this conclusion, we need not address the People's implicit argument that the providency court satisfied the requirement of Crim. P. 32(d) by advising defendant that it was not bound by any promises or representations made to him regarding sentencing.

## II.

Defendant next contends that his counsel provided ineffective assistance at the sentencing hearing by not immediately objecting to the imposition of aggravated range sentences and that the prosecutor breached her agreement not to recommend such sentences. We disagree.

### A.

■ We reject defendant's ineffective assistance argument because he did not present it to the trial court. *See, e.g., People v. Valdez,* 874 P.2d 415 (Colo.App.1993).

### B.

■ We also reject defendant's contention that the prosecutor breached her agreement not to seek a sentence in the aggravated range by commenting at the sentencing hearing "that's not to say this case doesn't deserve that," an apparent reference to aggravated sentences.

After this comment, the prosecutor reiterated, "I'm not here arguing for discretionary aggravation." In denying this aspect of defendant's postconviction motion, the trial court reviewed the transcripts of the providency and sentencing hearings, and concluded the remark "is just emphasizing that [sic]

her agreement was, despite what she might otherwise think."

At the sentencing hearing, the trial court explained at length its multiple reasons for imposing sentences in the aggravated range. These comments suggest no misunderstanding of the prosecutor's position.

Accordingly, the record supports the trial court's finding that the prosecutor did not breach her agreement, and we will not disturb the finding on appeal. *See People v. Thomas*, 853 P.2d 1147 (Colo.1993).

### III.

■ We dismiss the appeal as to defendant's claim that the trial court abused its sentencing discretion by considering erroneous information and by failing to consider his potential for rehabilitation.

A criminal defendant is generally entitled to one appellate review of the propriety of his or her sentence. Section 18-1-409(1), C.R.S. 2002. However, § 18-1-409(2), C.R.S.2002, states that:

No appellate court shall review any sentence which is imposed unless, within forty-five days from the date of the imposition of sentence, a written notice is filed in the trial court to the effect that review of the sentence will be sought; said notice must state the grounds upon which it is based.

*See People v. Williams*, 916 P.2d 624 (Colo. App.1996)(§ 18-1-409 sets time limitation for appellate court's review of defendant's sentence).

Here, because defendant was sentenced on March 8, 2000, he had until April 22, 2000, to appeal the court's sentencing decision. However, he did not file his notice of appeal until June 13, 2002. Thus, § 18-1-409(2) precludes our review of this issue.

### IV.

■ Finally, the mittimus must be amended to reflect that defendant is subject to discretionary parole under § 17-2-201(5)(a.5), C.R.S.2002, not mandatory pa-

role, because his crimes were alleged to have been committed between August 1, 1997 and January 4, 1998. *See People v. Cooper*, 27 P.3d 348 (Colo.2001).

The appeal from the judgment of conviction and sentence is dismissed; the order denying defendant's motion to withdraw his pleas is affirmed; and the case is remanded for correction of the mittimus.

Judge CASEBOLT and Judge METZGER ** concur.