**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert Todd KIRK, Defendant–Appellant.**

No. 08CA1676.

Colorado Court of Appeals, Div. VII.

Oct. 29, 2009.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert T. McAllister, P.C., Robert T. McAllister, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Robert Todd Kirk appeals his conviction and sentence in a criminal case. Because his contentions are not properly postured for review, we dismiss the appeal.

### I. Background

Kirk was driving on I–70 when he was pulled over for a cracked windshield. During the stop, the police officer learned that Kirk had an outstanding warrant. The officer then arrested Kirk and searched his car incident to the arrest. This search yielded a glass pipe and methamphetamine.

Kirk was charged in Clear Creek County with possession of a schedule II controlled substance (a class four felony) and possession of drug paraphernalia (a petty offense). He also was charged with violating his probation in an unrelated case.

On the eve of trial, Kirk's lawyer told the court that the parties had reached an agreement. The court vacated the trial and scheduled a providency hearing. But the next morning, the court learned that Kirk had changed his mind. The court then expressed some displeasure:

> THE COURT: I am going to make sure that you get a jury trial within sixty days. All right? And we will see what hap-

pens[,] and if you get convicted on an F4, that might make it a little bit more difficult on your probation.

But I am absolutely livid that I took two days of my docket[,] and my June is incredibly full, but I took two days of my docket for you to get a jury trial. I vacated that on your representation to your lawyer. I took your lawyer at his word and I cancelled a jury trial . . . and now, here it is 9:20, I do not have a jury and you have reneged on the deal. You have a right to do that. That is fine, but do not expect to have any sort of a plea bargain in this case.

Go talk to your lawyer. Make sure that is what you want to do because if you do, if you back out of this, and again you have a right to do that, but do not expect to have any sort of any plea bargain whatsoever in this case. You have a right to a jury trial and that is what you will get is a jury trial on the charges and that is that. I will not go down this road again with you twice. All right?

After conferring with his attorney, Kirk expressed reluctance to plead guilty. The court then suggested that there was a risk in going to trial:

THE COURT: So your risks could be high. You can, need to talk to your lawyer to determine just what your risks are. I do not know all the facts in your case for the likelihood of success at trial, but that is something that you need to consider if you are rejecting this deal thinking that I will not order you to prison. That is a very dangerous assumption. I am not known as a light sentencing judge, so that is a very dangerous assumption. Again, I do not know, maybe probation would be appropriate if you were convicted. But you just, I just want to make sure that you are doing this fully advised, knowing your risks, so that after the trial if there is a conviction, you do not come back with what we call a Rule 35(c) saying your lawyer did not adequately advise you that you might go to prison for six years. And then you get a prison sentence, then you are not happy with your lawyer, so I just want to make sure it is very clear that if you go to trial

and you lose, depending on what your record is, prison is absolutely a possibility. You understand all of that?

Upon further consideration, and after hearing additional comments by the court, Kirk pleaded guilty to possession of a schedule V controlled substance (a misdemeanor) and possession of drug paraphernalia. Several weeks later, he was sentenced to jail for eighteen months, twelve of which were suspended.

## II. Appeal of Judgment

Kirk asks us to vacate the judgment of conviction. He contends that the district court intruded into the plea negotiation process and thereby coerced him into pleading guilty. We do not address this contention.

■ A judge may not participate in plea discussions. *See* § 16–7–302(1), C.R.S.2009; Crim. P. 11(f)(4). Such conduct is improper because it undermines judicial impartiality and may be coercive. *See People v. Clark*, 183 Colo. 201, 203, 515 P.2d 1242, 1242–43 (1973); *People v. Crumb*, 203 P.3d 587, 590 (Colo.App.2008) *(cert. granted* Mar. 16, 2009); *People v. Venzor*, 121 P.3d 260, 263 (Colo. App.2005).

If a defendant believes that his plea was induced by the court's intrusion into plea negotiations, he may raise either of two claims:

1. Before sentencing, the defendant may claim that the court's intrusion constitutes a fair and just reason for withdrawing the guilty plea. *See* Crim. P. 32(d); *see, e.g., Crumb*, 203 P.3d at 589–92. If the court denies relief, the defendant may appeal the court's order. *See Crumb*, 203 P.3d at 589–92; *see also People v. Finley*, 141 P.3d 911, 913 (Colo.App.2006) (order denying relief under Crim. P. 32(d) is reviewed for abuse of discretion).

2. After sentencing, the defendant may claim that the court's intrusion undermined the voluntariness of his guilty plea. Because this claim requires the resolution of factual issues (such as whether the court's comments actually affected the defendant's decision), it

ordinarily must be raised in a postconviction motion under Crim. P. 35(c). *See, e.g., Venzor,* 121 P.3d at 263. If the court denies postconviction relief, the defendant may appeal the court's order. *See* § 18–1–410, C.R.S.2009; Crim. P. 35(c)(3)(IX).

Here, Kirk did not ask to withdraw his guilty plea before sentencing. Nor did he file a motion to vacate his conviction under Crim. P. 35(c). He simply filed a direct appeal and asserted, in his opening brief, that the court had coerced him into pleading guilty. We conclude that Kirk's claim cannot be presented in this manner.

We recognize that the trial court's comments are troubling in several respects. But even if we assume that the court violated section 16–7–302(1) and Crim. P. 11(f)(4), we cannot determine whether the error was prejudicial without knowing whether the court actually influenced Kirk's decision. We are not authorized to make this factual finding in the first instance, *see People v. A. W.,* 982 P.2d 842, 852 (Colo.1999), and this is not a case in which the record supports but one inference.

To gain relief on his claim, Kirk must present it in a timely motion for postconviction relief under Crim. P. 35(c). *Cf. People v. Blehm,* 983 P.2d 779, 792 (Colo.1999) (an inadequate judicial advisement may support a claim that the defendant did not execute a valid waiver of the right to testify; but because of the need for factual development, "such claims may be raised only in a postconviction motion"); *People v. Kelling,* 151 P.3d 650, 655 (Colo.App.2006) ("[B]ecause of the need for a developed factual record, an ineffective assistance of counsel claim should ordinarily be raised in a postconviction proceeding, not on direct appeal.").[1]

### III. Appeal of Sentence

Kirk contends that he is entitled to a new sentencing hearing. He asserts three arguments: (1) by making certain remarks during the sentencing hearing, the prosecutor violated the terms of the plea agreement; (2) the court vindictively increased the sentence after learning that Kirk intended to appeal; and (3) the court deprived Kirk of his statutory right of allocution. *See* § 16–11–102(5), C.R.S.2009; Crim. P. 32(b).

Because Kirk was not sentenced for a felony, we lack authority to entertain these arguments under section 18–1–409, C.R.S.2009. Kirk's remedies, if any, lie under Crim. P. 35(c) and section 18–1–410, C.R.S.2009. *See People v. Roberts,* 668 P.2d 977, 979 (Colo. App.1983).

The appeal is dismissed.

CONNELLY and KAPELKE *, JJ., concur.

---

1. This statement appears in the majority's opinion in *People v. Crumb:* "[A] claim that a judge improperly participated in plea negotiations is subject to plain or harmless error analysis, depending on whether the defendant raised the issue in the trial court." 203 P.3d at 591. Because *Crumb* arose from an order denying a motion to withdraw a plea, we do not understand the majority to suggest that a claim such as Kirk's ordinarily may be raised for the first time on direct appeal.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.