23CA0470 Peo v Hardy 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0470
Adams County District Court Nos. 20CR1454 & 21CR3756
Honorable Jeffrey A. Smith, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ralph Marcus Hardy,

Defendant-Appellant.

---

APPEAL DISMISSED IN PART
AND SENTENCE AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Barbara A. Snow, Alternate Defense Counsel, Longmont, Colorado, for Defendant-Appellant

¶ 1    In his notice of appeal, defendant, Ralph Marcus Hardy, indicated he was appealing the sentences imposed in two cases, 20CR1454 and 21CR3156.  Because Hardy does not raise any issues in his appellate briefs regarding case number 21CR3156, we dismiss that part of the appeal.

¶ 2    As for case number 20CR1454, Hardy appeals the sentence imposed following his guilty plea to identify theft, a class 4 felony. We affirm that sentence.

## I.    Background

¶ 3    In case number 20CR1454, Hardy was charged with thirty-five felony offenses involving forgery, criminal impersonation, theft, and identity theft, and three habitual criminal counts.  As relevant here, Hardy agreed to plead guilty to one count of identity theft with a stipulation that he would be sentenced to eight years in the custody of the Department of Corrections (DOC) in exchange for the dismissal of the other counts.  The district court accepted Hardy's guilty plea and sentenced him to eight years in DOC custody, followed by three years of mandatory parole as required by statute.

¶ 4    Approximately four weeks later, Hardy filed a pro se motion to compel specific enforcement of his plea agreement arguing that the

1

plea agreement required the three years of mandatory parole to be included in the stipulated eight-year sentence. The district court ordered the prosecution to respond. However, before the prosecution filed its response or the court ruled on the motion, Hardy filed this direct appeal of his sentence. In this appeal, he argues that his sentence violated the plea agreement and he seeks to withdraw his plea.

## II. Interpretation of Plea Agreement

¶ 5 Hardy contends that his eight-year DOC sentence plus three years of mandatory parole violates the terms of his plea agreement because the plea agreement provided that the mandatory parole component was included as part of the eight-year stipulated sentence. We are not persuaded.

### A. Standard of Review

¶ 6 The interpretation of a plea agreement is a question of law that we review de novo. *Craig v. People*, 986 P.2d 951, 960 (Colo. 1999). When interpreting a plea agreement, we must determine whether the interpretation the defendant claims to have taken is reasonable. *Id.*; *see also People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000). We review the meaning of a plea agreement objectively, not based on

2

the subjective understanding of the defendant, and consider what meaning a reasonable person would have given the agreement under the circumstances. *Craig*, 986 P.2d at 960-61.

¶ 7 The People argue that Hardy's challenge to his sentence is unpreserved and we should therefore review for plain error. We need not address this issue because we perceive no error, let alone plain error.

## B. Analysis

¶ 8 Hardy's signed, written request to plead guilty advised him that his prison sentence could be as low as one year and as high as twelve years. Following the term of years description, the document stated: "this includes an additional mandatory period of parole of 3 years; and a possible fine of $2,000 to $500,000." Further, the stipulated concession in the plea agreement stated, "The People stipulate to a sentence of eight (8) years in the Department of Corrections to be served consecutively to [a sentence in another case]. The Defendant agrees facts exist to support sentence aggravation." And, at the providency hearing, both parties affirmatively indicated that the stipulated sentence for this case was an eight-year DOC sentence.

3

¶ 9    The plain language of the plea agreement indicates that the parties agreed that Hardy would serve eight years in the DOC and the advisement informed him that the sentence would include "an *additional* mandatory period of parole of 3 years."  (Emphasis added.)  The inclusion of the word "additional" before the description of the mandatory parole period makes it clear that the prison sentence would be followed by the mandatory parole period. *See Craig*, 986 P.2d at 962 ("[A]n agreement for a sentence to the [DOC] clearly indicates that the defendant has bargained for a term of *confinement* commensurate with the period specified.").  Further, the plea agreement does not expressly indicate that the parties agreed to include the required mandatory parole period as part of the DOC sentence.  Absent express language "indicating the parties actually agreed to eliminate or circumvent the parole requirement" we must construe the agreement for a stipulated sentence as referring only to the imprisonment component of the sentence. *See People v. Seaney*, 36 P.3d 81, 83 (Colo. App. 2000).

¶ 10    That the advisement also used the phrase "this includes" after stating the length of the prison sentence does not alter our conclusion.  The "this includes" language preceded both the

4

description of mandatory parole and the possibility of a fine. It would be unreasonable to think that a fine would also be included in the prison sentence rather than a sanction imposed in addition to the prison sentence. *See Craig*, 986 P.2d at 961.

¶ 11     Thus, we conclude that the only reasonable interpretation of the plea agreement is that Hardy would serve eight years in the DOC followed by three years of mandatory parole. *See id.* at 962 (A reasonable person would understand a sentence to the DOC refers "to the imprisonment component of a sentence only and not to include any promises concerning mandatory parole."). Consequently, the court's imposition of an eight-year DOC sentence to be followed by three years of mandatory parole was consistent with the plea agreement.

## III.   Withdrawal of Plea

¶ 12     Hardy next argues that he should be allowed to withdraw his guilty plea because (1) his plea was not entered knowingly and intelligently and (2) he received ineffective assistance from his plea counsel. We decline to address these claims because they are not properly before us.

¶ 13    Challenges to the validity of a plea alleging that it was unknowingly or unintelligently entered or that plea counsel provided ineffective assistance implicate the constitutionality of the conviction. *See Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011) ("[T]o be constitutionally valid, a defendant must enter his guilty plea knowingly, voluntarily, and intelligently."); *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (criminal defendants are constitutionally entitled to the effective assistance of counsel). Thus, a defendant who believes that his guilty plea was entered unknowingly or unintelligently, or that he received ineffective assistance of counsel during the plea process, may seek to withdraw his guilty plea before sentencing pursuant to Crim. P. 32(d). *See Kazadi v. People*, 2012 CO 73, ¶ 14; *see also People v. Kirk*, 221 P.3d 63, 64 (Colo. App. 2009). After sentencing, the proper avenue to withdraw a guilty plea is through a Crim. P. 35(c) motion. Crim. P. 35(c)(2)(I) (providing postconviction relief for claims that a conviction was obtained in violation of the constitution or laws of the United States or Colorado); *see also Kirk*, 221 P.3d at 64-65. Filing a direct appeal to assert that a plea was unconstitutionally obtained either because it was unintelligently

entered or because counsel was ineffective, without pursuing either of these remedies, is improper. *See Kirk.* 221 P.3d at 65.

¶ 14    Because Hardy did not file a motion to withdraw his guilty plea before sentencing or pursue postconviction relief after sentencing, we decline to address his constitutional challenges to his plea for the first time on direct appeal. *See id.*; *see also Hodges v. People*, 158 P.3d 922, 927 (Colo. 2007) (ineffective assistance of counsel claims are appropriately brought in a Crim. P. 35(c) postconviction motion, not on direct appeal).

## IV.    Disposition

¶ 15    We dismiss the appeal in case number 21CR3156 and affirm the sentence in case number 20CR1454.

JUDGE HARRIS and JUDGE GROVE concur.