24CA1350 Peo v Smith 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1350
Adams County District Court No. 12CR2061
Honorable Patrick H. Pugh, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy David Smith,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE HARRIS
Fox and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Timothy David Smith, Pro Se

¶ 1     Defendant, Timothy David Smith, appeals the district court's order denying his postconviction motion.  We affirm.

## I.     Background

¶ 2     In 2012, Smith pleaded guilty to first degree assault with a deadly weapon and attempted sexual assault on a child.

¶ 3     In January 2013, the district court sentenced Smith to twenty-eight years in the custody of the Department of Corrections (DOC) for first degree assault and a concurrent term of three years in DOC custody for attempted sexual assault.

¶ 4     Smith did not directly appeal his conviction or sentence.

¶ 5     Smith filed a motion for reconsideration of his twenty-eight-year sentence under Crim. P. 35(b).  The district court denied the motion, finding that the sentence was appropriate given the serious nature of the offense.

¶ 6     In 2014, Smith filed a Crim. P. 35(c) motion, which was supplemented by counsel in 2015, asserting ineffective assistance of counsel.  The district court ultimately denied that motion, and a division of this court affirmed.  *See People v. Smith*, (Colo. App. No. 17CA1545, June 13, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 7     In 2019, Smith filed a second motion for sentence reconsideration, which the district court denied as untimely. A division of this court affirmed and remanded for correction of the mittimus. *See People v. Smith,* (Colo. App. No. 19CA2384, Sep. 30, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 8     In May 2024, Smith filed the postconviction motion at issue here. He first argued that his plea was not knowing, voluntary, and intelligent because the district court failed to advise him properly under Crim. P. 11. He also argued that his twenty-eight-year DOC sentence for first degree assault exceeded that authorized by law because the court misapprehended the maximum sentence in the aggravated range as thirty-two years, rather than twenty-four years.

¶ 9     The district court denied Smith's motion. As to his first claim, the court construed it under Crim. P. 35(b) and denied it as untimely and meritless. As to his second claim, the court construed it under Crim. P. 35(a) and concluded that Smith's twenty-eight-year sentence was not illegal because the correct sentencing range was ten to thirty-two years, since first degree assault is both a crime of violence and an extraordinary risk crime.

## II. Discussion

¶ 10    On appeal, Smith contends that the district court erred by denying his motion. He maintains that he was misadvised under Crim. P. 11 and that the maximum sentence he was subject to for first degree assault was twenty-four years, rendering his twenty-eight-year sentence illegal. We disagree with his contentions.

### A. Crim. P. 11 Advisement

¶ 11    Smith argues that the district court erred by construing his Crim. P. 11 advisement claim under Crim. P. 35(b) when it was instead cognizable under Crim. P. 35(a). However, Smith's claim is not cognizable under either Crim. P. 35(a) or (b) but is instead construed under Crim. P. 35(c). *See* Crim. P. 35(c)(2)(I), (III) (a defendant may seek postconviction review of his or her conviction on the grounds that the conviction was obtained in violation of the constitution or laws of the United States or Colorado); *People v. Dawson*, 89 P.3d 447, 449 (Colo. App. 2003) ("[A]fter sentence has been imposed, the validity of a guilty plea can be challenged under Crim. P. 35(c)."); *see also People v. Collier*, 151 P.3d 668, 670 (Colo.

3

App. 2006) (the substance of a postconviction motion controls under which rule it is properly designated).

¶ 12   Construing this claim under Crim. P. 35(c), we conclude that it is time barred and successive.

¶ 13   First, it is time barred because (1) his conviction became final in January 2013 when he was sentenced, *see People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006); and (2) he filed this claim more than three years after his conviction became final and did not allege justifiable excuse or excusable neglect for the late filing, *see* § 16-5-402(1), (2)(d), C.R.S. 2024 (absent justifiable excuse or excusable neglect, the time limit for filing a postconviction challenge to non-class 1 felony convictions is three years); Crim. P. 35(c)(3)(I) (any motion filed more than three years after the conviction is final must allege facts to establish justifiable excuse or excusable neglect); *see also Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008); *Collier*, 151 P.3d at 671.

¶ 14   Second, the claim is procedurally barred as successive. Crim. P. 35(c)(3)(VII) requires a court to deny any claims that could have been raised in prior postconviction proceedings. Because this claim

could have been raised in Smith's 2014 Crim. P. 35(c) motion, it is successive.

¶ 15    We therefore conclude that the district court did not err by denying Smith's Crim. P. 11 advisement claim, albeit on different grounds. *See People v. Manyik*, 2016 COA 42, ¶ 69 ("We may affirm the court's ruling on any ground supported by the record, even if that ground was not articulated or considered by the court.").

## B.    Illegal Sentence

¶ 16    We review the legality of a sentence de novo. *Magana v. People*, 2022 CO 25, ¶ 33.

¶ 17    Crim. P. 35(a) permits a "court [to] correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time." "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76, ¶ 11.

¶ 18    Smith pleaded guilty to first degree assault with a deadly weapon causing serious bodily injury under section 18-3-202(1)(a), C.R.S. 2024. This is a class 3 felony. § 18-3-202(2)(b). Class 3

felonies carry a presumptive sentencing range of four to twelve years. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2024.

¶ 19    First degree assault is an extraordinary risk crime. § 18-1.3-401(10)(a), (b)(XII); § 18-1.3-406(2)(a)(I), (II)(C), C.R.S. 2024. Therefore, the maximum sentence in the presumptive range is increased by four years to a maximum of sixteen years. § 18-1.3-401(10)(a).

¶ 20    First degree assault is also a per se crime of violence. § 18-3-202(2)(c); *People v. Banks*, 9 P.3d 1125, 1130 (Colo. 2000) (an offense is a "per se" crime of violence when the statute defining the offense specifically requires crime of violence sentencing). This requires "a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in section 18-1.3-401(1)(a), as modified for an extraordinary risk crime pursuant to section 18-1.3-401(10)." § 18-1.3-406(1)(a). "[T]he presumptive range is to be modified by the extraordinary risk crime sentencing statute before calculating a sentence enhancement" under section 18-1.3-406. *People v. Lahr*, 2013 COA 57, ¶ 37. Therefore, the maximum sentence for first degree assault is increased from sixteen to thirty-two years. *See*

6

*Howard v. People*, 2020 CO 15, ¶ 20 n.10 ("[B]ecause first-degree assault is a crime of violence, the maximum sentence here was enhanced by four years, so the presumptive sentence was four to sixteen years. . . . And because the crime of violence statute directs the court to impose a sentence 'of at least the midpoint in, but not more than twice the maximum of, the presumptive range,' Howard's applicable sentencing range . . . was ten to thirty-two years.") (citation omitted).

¶ 21    Because the maximum aggravated sentence Smith was subject to was thirty-two years, Smith's twenty-eight-year DOC sentence is not illegal.

¶ 22    Smith nonetheless asserts that he is not subject to extraordinary risk crime sentencing for a multitude of reasons.

¶ 23    First, he argues that his sentence cannot exceed twenty-four years because "any 'extraordinary mitigating and aggravating circumstances' are in fact encompassed within subsection (6) of C.R.S. § 18-1.3-401(1)(V)(A), (6)." But sentence enhancement for extraordinary risk crimes is governed by section 18-1.3-401(10)(a), not sections 18-1.3-401(1)(V)(A) or 18-1.3-401(6).

¶ 24     Second, Smith asserts that section 18-1.3-401(10)(a) "does not apply here as [he] was not sentenced under C.R.S. § 18-1.3-401(8); as required by C.R.S. § 18-1.3-406(1)(a)." However, section 18-1.3-401(10)(a) is applicable here because it applies to "[a]ny crime of violence, as defined in section 18-1.3-406." § 18-1.3-401(10)(b)(XII). And first degree assault is a crime of violence under section 18-1.3-406(2)(a)(II)(C). Furthermore, "convict[ion] of a crime of violence under section 18-1.3-406" is considered an "extraordinary aggravating circumstance[]" under section 18-1.3-401(8)(a)(I), and a person convicted of a crime of violence "shall be sentenced pursuant to section 18-1.3-401(8)." § 18-1.3-406(1)(a).

¶ 25     Third, Smith claims that he "was never charged by separate count as required by subsection (3) and (5) of C.R.S. § 18-1.3-406." Section 18-1.3-406(3) states that, "[i]n any case in which the accused is charged with a crime of violence as defined in subsection (2)(a) of this section, the indictment or information shall so allege in

a separate count."[1]  However, per se crimes of violence "require[]

mandatory sentencing as prescribed for crimes of violence, without

regard for compliance with the special pleading and proof

requirements of the violent crime statute."  *People v. Austin*, 2018

CO 47, ¶ 8.  Because first degree assault is a per se crime of

violence under § 18-3-202(2)(c), the prosecution was not required to

charge Smith with a separate crime of violence count.

¶ 26     Fourth, citing *People v. Kyle*, 111 P.3d 491 (Colo. App. 2004),

*disapproved of on other grounds in Zoll v. People*, 2018 CO 70, Smith

argues that section 18-1.3-401 "does not apply because it is

inapplicable to offenses committed after November 1, 1998."  But

his reliance on *Kyle* is misplaced.  True, the division concluded that

"defendant was incorrectly sentenced under the extraordinary risk

enhancement provision in § 18-1.3-401(10) because it is

inapplicable to offenses committed after November 1, 1998."  *Kyle*,

111 P.3d at 507.  But this was strictly because of the fact that the

Colorado Sex Offender Lifetime Supervision Act eliminated the

---

[1] Section 18-1.3-406(5) applies to sexual offenses that are crimes of violence and is therefore not applicable to Smith's first degree assault conviction.

9

extraordinary risk sentence enhancement under section 18-1.3-401(10) for sex offenses committed after the Act's effective date of November 1, 1998. *Id.* at 506. Smith is challenging the sentence for his first degree assault conviction, not a sexual offense. Therefore, *Kyle* and its holding are inapplicable.

¶ 27 Fifth, citing *People v. Tillery*, 231 P.3d 36 (Colo. App. 2009), *aff'd sub nom. People v. Simon*, 266 P.3d 1099 (Colo. 2011), Smith asserts that section 18-1.3-401(10) "also does not apply to crimes of violence that are, or stem from sexual offenses." But *Tillery* is inapposite. In *Tillery*, the division concluded that "legislative history clearly indicates an intent not to apply section 18-1.3-401(10) to crimes of violence that are sexual offenses." *Tillery*, 231 P.3d at 52. Again, Smith is challenging the sentence for his first degree assault conviction, not a sexual offense. *Tillery* does not apply to him.

¶ 28 Sixth, Smith argues that "there was no weapon involved in this case, no physical injury, and no hospitalization." However, Smith waived the establishment of a factual basis for first degree assault with a deadly weapon causing serious bodily injury, which

is an extraordinary risk crime under section 18-1.3-401(10). Therefore, his claim fails.

¶ 29  Finally, Smith asserts that "it is clear that no elements exist outside of the elements of the charged crimes themselves" and "[t]hus no extraordinary aggravating circumstances actually exist." But the fact that first degree assault is a crime of violence indicates the presence of an "extraordinary aggravating circumstance[]" under section 18-1.3-401(8)(a). Furthermore, as discussed, first degree assault is an extraordinary risk crime under section 18-1.3-401(10).

¶ 30  For these reasons, we conclude that the district court did not err by denying Smith's illegal sentence claim.

### III.  Disposition

¶ 31  The order is affirmed.

JUDGE FOX and JUDGE SCHUTZ concur.

11