23CA1984 Peo v Sanders 09-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1984
Fremont County District Court No. 19CR65
Honorable Lynette M. Wenner, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gary Gene Sanders, Jr.,

Defendant-Appellant.

---

APPEAL DISMISSED

Division V
Opinion by JUDGE FREYRE
Pawar and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Gary Gene Sanders, Jr., Pro Se

¶ 1     In 2023, the court sentenced Gary Gene Sanders, Jr.,  to 365 days in county jail for  misdemeanor driving while ability impaired (DWAI).  After Sanders filed a pro se notice of appeal without submitting a copy of the order or judgment being appealed, this court issued an order limiting his appeal to issues regarding his misdemeanor DWAI sentence.  Because Sanders' opening brief does not challenge his sentence,  we dismiss the appeal.

## I.     Background

¶ 2     In 2020, Sanders was convicted of and sentenced for felony DWAI after the district court found, in a bench trial, that the prosecution had proved three prior drinking and driving offenses by a preponderance of the evidence.  *See People v. Sanders*, slip op. at ¶ 4 (Colo. App. No. 20CA0899, Sep. 15, 2022) (not published pursuant to C.A.R. 35(e)) (*Sanders I*).  On direct appeal, a division of this court reversed his conviction under *Linnebur v. People*, 2020 CO 79M, ¶ 31, *abrogated on other grounds by People v. Crabtree*, 2024 CO 40M, because our supreme court had recently held that prior convictions should be treated as a substantive element of a drinking and driving offense, which in turn should  be tried to a jury and proved beyond a reasonable doubt.  *See Sanders I,*

¶¶ 17-19.  The division remanded the case to the district court for a new trial on felony DWAI or, alternatively, for imposition of a sentence for misdemeanor DWAI.  *Id.* at ¶ 19.  The supreme court denied Sanders's petition for a writ of certiorari, and the mandate issued on June 27, 2023.

¶ 3     In November 2020, Sanders filed a pro se Crim. P. 35(c) petition collaterally attacking his judgment of conviction.  He argued, as relevant here, that (1) the prosecution paid witnesses for their testimony, and (2) his cousin, who was prejudiced against him, sat on the jury.  The district court denied the motion without a hearing.  Sanders did not appeal this ruling.

¶ 4     In August 2023, Sanders filed three pro se motions while represented by counsel: (1) "MOTION FOR DISQUALIFICATION OF CHIEF JUDGE MURPHY"; (2) "MOTION FOR DISQUALIFICATION OF TRIAL JUDGE WENNER"; and (3) "MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EXCULPATORY EVIDENCE Per. C.R. Crim. P. 33(a), (b) and (c)."  The district court did not rule on these motions.

¶ 5     On remand from the direct appeal, the prosecution elected to have Sanders sentenced for misdemeanor DWAI.  On November 2,

2023, the district court sentenced him to 365 days in county jail and gave him credit for time served.

¶ 6    On November 16, 2023, Sanders filed a pro se notice of appeal. About a month later, this court issued an order stating that Sanders had failed to provide the court with a copy of the judgment or order being appealed as required by C.A.R. 3(g)(7). Upon further review of the notice of appeal and the district court's register of actions, this court determined that the appeal should proceed only as to Sanders's sentence for misdemeanor DWAI. The court ordered Sanders to show cause as to why the appeal should not proceed solely on this issue.

¶ 7    Sanders filed a pro se response to the show cause order, arguing that his appeal should not be limited to the DWAI sentence but should proceed on his three pro se motions for disqualification and a new trial as well. This court ordered the public defender's office, which had been appointed by the district court to represent Sanders on appeal, to respond to the show cause order.

¶ 8    Sanders then filed a pro se opening brief.

¶ 9    The public defender's office subsequently responded to the show cause order, asserting that Sanders "seeks to appeal the

3

district court's failure to rule upon the three motions he filed pro se in the district court on August 30, 2023, and contends any failure to challenge the judgment of conviction more broadly on appeal was due to ineffective assistance of direct appeal counsel." In the alternative, the public defender's office requested a limited remand to the district court to allow it to rule on Sanders's motions.

¶ 10 On May 3, 2024, a motions division of this court issued an order limiting Sanders's appeal to issues regarding his sentence for misdemeanor DWAI. The division concluded that the August 2023 motions had not been ruled on by the district court "and are not final for purposes of appeal." The division also denied the request for a limited remand and ordered that any ineffective assistance claim must first be raised in a postconviction proceeding. The division then struck Sanders's pro se opening brief and ordered a new brief filed by counsel.

¶ 11 The public defender's office subsequently moved to withdraw, and this court granted Sanders's request to proceed pro se.

¶ 12 Sanders filed a pro se amended opening brief.

## II.        Discussion

¶ 13    Sanders asserts that this case represents a "second appeal" of Fremont County Case No. 19CR65 and reiterates his argument that his appeal should not be limited to his DWAI sentence.  As best we understand his arguments, Sanders raises the following contentions on appeal:

(1)    The district court failed to inquire whether Sanders had conflicts with officers of the court.

(2)    The district court violated section 16-6-201, C.R.S. 2025, because Chief Judge Murphy and Judge Wenner were influenced by bias and prejudice against Sanders.

(3)    Structural, fundamental, and clear error occurred when Chief Judge Murphy and Judge Wenner failed to disqualify themselves from his case after it was discovered that Chief Judge Murphy had previously represented Sanders.

(4)    Chief Judge Murphy, Judge Wenner, and Judge Robak violated their oaths of office.

(5) Because Chief Judge Murphy previously represented Sanders, the district court lacked jurisdiction over him and his case.

(6) Sanders was denied a fair and impartial preliminary hearing and trial because a district court judge, rather than a county court judge, presided over the proceedings.

(7) The district court erroneously declined to provide copies of the police report to the deliberating jurors and instead told the jury it had all the evidence.

(8) The district court denied Sanders's due process rights when it permitted his cousin to sit as a juror.

(9) Sanders's trial counsel rendered ineffective assistance.

(10) Sanders was subject to excessive bail.

(11) Sanders had conflicts of interest with trial and appellate counsel.

(12) The prosecution paid witnesses for their testimony.

(13) Sanders was never advised of Colorado's express consent statute or given a breath or blood alcohol test.

(14) Trial counsel demanded that Sanders not testify on his own behalf.

¶ 14    None of these claims complies with this court's order limiting Sanders's appeal to his sentence for misdemeanor DWAI; instead they pertain to his August 2023 motions, his judgment of conviction, or matters properly raised in a postconviction proceeding. Moreover, the majority of these claims are not properly before us because they have not been presented to or ruled on by the district court. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal."); *People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."). True, Sanders raised some of these claims in his August 2023 motions, but those motions have not been ruled on by the district court and are therefore not final for purposes of appeal. *See* C.A.R. 1 (only "final judgment[s]" of a district court may be appealed). And two of these claims were previously raised and resolved in Sanders's November 2020 postconviction motion. Although we would normally deny these claims as successive, *see*

7

Crim. P. 35(c)(3)(VI) (Subject to exceptions not applicable here, "[t]he court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."), they do not relate to his DWAI sentence and, therefore, we will not address them. To the extent that Sanders raises additional claims unrelated to his DWAI sentence and not ruled on by the district court — which we have not identified here — we decline to address them for the same reasons.

¶ 15    Sanders also asserts the following:

> (1) The 11th Judicial Court District lacking Jurisdiction of Mr. Sanders and of subject matters of which he was convicted, resentenced him to a misdemeanor D.W.A.I on November 2, 2023 as directed by the Colorado Court of Appeals, and

> (2) This District Court case 2019CR65 being a first appeal case 2020CA899 was reversed in part and remanded back to District Court for resentencing of the original conviction by jury for misdemeanor D.W.A.I. Mr. Sanders fundamental right to due process was violated In that the 11th Judicial Court District had lack-of, Loss-of, and Want-of jurisdiction of Mr. Sanders and / or of subject matters to which he was convicted.

¶ 16    To the extent that these arguments relate to his misdemeanor DWAI sentence, they are conclusory and undeveloped, and we

8

decline to address them. *See People v. Houser*, 2020 COA 128, ¶ 24 (we will not consider a bald legal proposition presented without argument or development).

¶ 17 To the extent Sanders seeks a second direct appeal of his conviction, he is not entitled to one. He already had the opportunity to, and did, challenge his judgment of conviction on direct appeal in *Sanders I*. He also exercised his right to seek discretionary review of the opinion in *Sanders I* by filing a petition for writ of certiorari. Although Sanders's efforts were only partially successful, he does not have the right to a second bite of the apple by raising new issues in another direct appeal. Rather, Sanders may only collaterally attack his conviction via a Crim. P. 35 motion in the district court. We express no opinion as to the merits, timeliness, or successive nature of such a motion.

### III. Disposition

¶ 18 Because no claims are properly before us, we dismiss the appeal. *See People v. Kirk*, 221 P.3d 63, 64-65 (Colo. App. 2009) (dismissing the appeal where the issues raised were not properly before the division).

JUDGE PAWAR and JUDGE YUN concur.

9